UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ROBERT TAMBURRI,

                        Plaintiff,                        **MEMORANDUM & ORDER**

      -against-                                       16-CV-5784 (PKC)

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                        Defendant.
----------------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

      Plaintiff Robert Tamburri ("Plaintiff") filed this action under 42 U.S.C. § 405(g), seeking judicial review of the Social Security Administration's ("SSA") denial of his claim for Disability Insurance Benefits ("DIB"). After Plaintiff filed a motion for judgment on the pleadings, Plaintiff and the SSA entered into a stipulation pursuant to the fourth sentence of 42 U.S.C. § 405(g) remanding this action to the SSA for additional administrative proceedings. (Dkt. 12.) The Court so-ordered the parties' stipulation, and the clerk entered judgment and closed this action on June 5, 2017. (Dkt. 12.)

      On September 6, 2017, Plaintiff filed an application for attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Dkt. 13.) The application seeks $5,886.21 in attorney's fees and $421 in filing fees and court costs. (Dkt. 14 ¶ 20.) The SSA contends that Plaintiff's application for attorney's fees should be denied as untimely. (Dkt. 17.)

      The EAJA states, "[a] party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses . . . ." 28 U.S.C. § 2412(d)(1)(B). The "final judgment" referred to in the EAJA arises, and the thirty-day limitation for EAJA petitions begins, when the government's right to appeal the order lapses. 28 U.S.C. § 2412(d)(2)(G). A court affirming, modifying, or reversing an

administrative decision in accordance with the fourth sentence of 42 U.S.C. § 405(g) is a "final judgment" and triggers the EAJA filing period. *Melkonyan v. Sullivan*, 501 U.S. 89, 101-02 (1991). The date of entry of judgment starts the sixty-day period to appeal the case. Fed. R. App. P. 4(a)(1)(B). After the expiration of the sixty days, a plaintiff then has the thirty days specified by the EAJA to file an application for fees. *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993).

In this case, Judgment was entered in favor of Plaintiff on June 5, 2017. (Pl.'s Aff., Dkt. 14, ¶ 14.) That judgment became final for purposes of the EAJA on August 4, 2017. (*Id.* ¶ 15.) The 30-day window in which to file a motion for attorney's fees and costs under the EAJA expired on September 5, 2017. (*Id.* ¶ 16.) Plaintiff filed his application for attorney's fees at approximately 12:49 a.m. on September 6, 2017. (Dkt. 16 at 1.) Plaintiff explains that the application was late because, on September 5, 2017, Plaintiff's counsel had "a repeated computer problem resulting in a crash that froze [his] computer and delayed [his] filing of [the] motion." (*Id.*)

Historically, federal courts viewed the 30-day deadline for fee applications under the EAJA as "jurisdictional." *See, e.g.*, *Long Island Radio Co. v. NLRB*, 841 F.2d 474, 477-78 (2d Cir. 1988) (collecting cases). The Supreme Court rejected that view in *Scarborough v. Principe*, 541 U.S. 401 (2004), holding that "the question . . . whether [a plaintiff] is time barred by § 2412(d)(1)(B) from gaining the fee award authorized by § 2412(d)(1)(A) . . . does not concern the federal courts' 'subject-matter jurisdiction.' Rather, it concerns a mode of relief (costs including legal fees) ancillary to the judgment of a court that has plenary 'jurisdiction of [the civil] action' in which the fee application is made." 541 U.S. at 413.

When considering an application for attorney's fees under the EAJA filed outside the thirty-day window under 28 U.S.C. § 2412(d)(1)(B), courts in the Second Circuit have considered whether the application can be deemed timely under the doctrine of equitable tolling. *See, e.g.*,

*Charles v. Colvin*, 2015 WL 403239, at *1 (E.D.N.Y. Jan. 29, 2015). In the Second Circuit, the doctrine of equitable tolling is applied "only in 'rare and exceptional' circumstances." *Jenkins v. Greene*, 630 F.3d 298, 302-03 (2d Cir. 2010) (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)). "A litigant seeking equitable tolling must show both that he diligently pursued his rights and that 'some extraordinary circumstance . . . prevented timely filing." *Id.* (internal quotation marks omitted).

Here, Plaintiff's counsel acknowledges that he filed the application for attorney's fees at 12:49 a.m. on September 6, 2017, approximately 50 minutes after the expiration of Plaintiff's 30-day window to file an application for attorney's fees under the EAJA. (Dkt. 16 at 1.) Plaintiff's counsel explains that the application was late because, on September 5, 2017, Plaintiff's counsel had "a repeated computer problem resulting in a crash that froze [his] computer and delayed [his] filing of [the] motion." (*Id.*)

The Second Circuit has not addressed the issue of whether an attorney's computer malfunction on the final day of the 30-day window under the EAJA is sufficient grounds to apply the doctrine of equitable tolling to deem the filing timely. In the absence of a controlling decision on this point, the Court finds that Plaintiff does not qualify for equitable tolling in the particular circumstances present here. The Second Circuit has emphasized that a litigant must "diligently" pursue his rights to qualify for equitable tolling. Here, Plaintiff had more than ninety days in which to prepare his application for attorney's fees after the Court entered judgment in his favor on June 5, 2017. In addition, Plaintiff's counsel acknowledges that he could have requested an extension of time in which to file the application, but he did not do so because he was "overloaded" by the problems arising from his computer trouble on the due date of the filing. (Dkt. 16 at 1.) Thus, Plaintiff's failure to either file an application for attorney's fees or timely seek an extension

of time in which to do so was the product of Plaintiff's counsel's own decision to wait until the very last day—if not, the last few hours or minutes—when the filing was due. Numerous courts have declined to apply equitable tolling in similar circumstances. *See, e.g.*, *Johnson v. Quaterman*, 483 F.3d 278, 285-87 (5th Cir. 2007) (declining to apply equitable tolling where "[c]ounsel was aware of the deadline, and had months in which to complete the [filing], but waited until the very last minute on the due date to complete work on it when the computer failed"); *Depippo v. Chertoff*, 453 F. Supp. 2d 30, 34 (D.D.C. 2006) ("While unfortunate, a frozen computer is by no means a significant enough reason to equitably toll the filing deadline in question. In short, frozen computers do not beget frozen timetables."); *Saum v. Astrue*, 2011 WL 2149491, at *3 (E.D. Mo. May 31, 2011) ("Plaintiff has demonstrated neither extraordinary circumstances nor due diligence. Plaintiff does not allege that the Commissioner or anyone else did anything to mislead him. Rather, plaintiff's Complaint was filed one day late because plaintiff's attorney did not attempt to file it until the day upon which it was due and at this eleventh hour, allegedly experienced computer 'equipment malfunction.' Plaintiff's counsel could have avoided this problem by filing the [document] earlier.").

Accordingly, Plaintiff's application for attorney's fees is denied as untimely. Plaintiff's motion for an extension of time to file his application for attorney's fees is also denied as untimely.

SO ORDERED.

*/s/ Pamela K. Chen*

PAMELA K. CHEN
United States District Judge

Dated: March 5, 2018
      Brooklyn, New York