UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ROBERT TAMBURRI,

                Plaintiff,

      - against -

ANDREW SAUL,[1] COMMISSIONER OF
SOCIAL SECURITY,

                Defendant.
----------------------------------------------------------x

**MEMORANDUM & ORDER**
16-CV-5784 (PKC)

PAMELA K. CHEN, United States District Judge:

      Plaintiff Robert Tamburri brought this action pursuant to the Social Security Act, 42 U.S.C. § 405(g), seeking reversal of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance Benefits. Presently before the Court is the motion of Plaintiff's counsel, Christopher J. Bowes ("Bowes"), for approval of attorney's fees of $29,400, pursuant to Section 406(b) of the Social Security Act. For the reasons set forth below, the motion is granted in part and denied in part, and the Court awards Bowes attorney's fees in the amount of $8,813.79.

## BACKGROUND

      On October 17, 2016, Plaintiff commenced this action appealing the Commissioner's denial of Plaintiff's disability insurance benefits application. (Dkt. 1.) On April 20, 2017, Plaintiff

---

[1] Andrew M. Saul was sworn in as the Commissioner of Social Security on June 17, 2019. Pursuant to Federal Rule of Civil Procedure 25(d), Andrew M. Saul is automatically substituted as the Defendant in this action. *See* Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party."); *see also* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office."). The Clerk of Court is respectfully directed to update the docket accordingly.

1

served a motion for judgment on the pleadings (*see* Dkt. 10), to which the Commissioner responded by filing a stipulation and proposing an order remanding the case for additional administrative proceedings on June 2, 2017 (Dkt. 11). On June 3, 2017, the Court granted the stipulation and remanded the case for further administrative proceedings. (June 3, 2017 Docket Order.) On September 6, 2017, the Plaintiff filed a motion seeking $5,886.21 in fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Dkt. 13.) The Commissioner opposed the fee application as untimely. (Dkt. 19.) This Court ruled in favor of the Commissioner, denying the EAJA fee application. *See Tamburri v. Berryhill*, No. 16-CV-5784 (PKC), 2018 WL 1175141, at *3 (E.D.N.Y. Mar. 5, 2018).

On remand, Administrative Law Judge David Sunha found Plaintiff disabled within the meaning of the Social Security Act as of July 27, 2012, his alleged onset date, and awarded disability insurance benefits to him. (Dkt. 22, ¶ 14; *id.* at ECF[2] 16–21.) The Commissioner withheld $45,745.43 from the award, representing 25% of Plaintiff's total past due benefits of $182,984[3] (*id.* ¶ 15), so that Bowes could: (1) petition the Commissioner under Section 406(a) for approval of a reasonable fee as compensation for services during the proceedings at the agency level; and (2) seek an award from this Court pursuant to Section 406(b) for the time Bowes expended representing Plaintiff. *See* 42 U.S.C. §§ 406(a) and (b).

---

[2] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

[3] Though this is the amount provided by Bowes, the Court notes that based on the August 6, 2019 Notice of Award, Plaintiff's total past due benefits were actually $182,983.50 which would be rounded down to $182,983. (*See id.* at ECF 19–20; *see also id.* at ECF 16 (noting that the Social Security Administration "must round down to the nearest dollar").) The Court does not find that this slightly discrepancy changes its calculation of attorney's fees.

Bowes now moves for an award of attorney's fees pursuant to 42 U.S.C. § 406(b). Though Bowes seeks a contingent attorney's fees award of $29,400 in connection with 29.4 hours of work that he undertook on Plaintiff's behalf in this matter, Bowes seeks a net payment award of $23,513.79 in recognition that Plaintiff "is entitled to a credit of $5,886.21 in attorney['s] fees pursuant to the Equal Access to Justice Act that he likely would have been awarded had [Bowes] timely filed that petition." (Dkt. 22, ¶¶ 17–18.) According to Bowes's time records, he spent 29.4 hours on the following tasks: (1) reviewing the file and interviewing Plaintiff; (2) drafting the complaint; (3) reviewing the entire record; (4) drafting a statement of facts; (5) drafting arguments; (6) editing a draft (7) discussing the remand offer with Plaintiff and (8) drafting fee motion papers. (Dkt. 22, at ECF 14.) Based on Bowes's time records, his motion seeks an award of attorney's fees that would result in an effective hourly rate of $1,000.[4]

Pursuant to a retainer agreement, Plaintiff agreed to compensate Bowes for legal services by paying him a contingency fee of 25% of past due benefits awarded to him. (Dkt. 22, at ECF 11–12.) Bowes does not ask this Court to award attorney's fees in that amount but rather bases his fee request on a rate of $1,000 per hour less the $5,886.21 EAJA credit to which Plaintiff is entitled. (Dkt. 22, ¶¶ 18, 24.) The Commissioner does not oppose Bowes's motion. (Dkt. 26, at 2.)

### DISCUSSION

Section 406(b) of the Social Security Act provides that a court may award a "reasonable fee" "not in excess of 25% of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b). This 25% cap only applies to an award of attorney's fees for representation before a federal court; it does not limit attorney's fees that may be approved by the Commissioner

---

[4] Taking the $5,886.21 EAJA credit into account, Bowes's hourly rate would be $799.79.

for representation in agency proceedings. *See Culbertson v. Berryhill*, 139 S. Ct. 517, 522 (2019) ("If there is no fee agreement, the agency may set any fee, including a fee greater than 25% of past-due benefits, so long as the fee is 'reasonable.'"). The Second Circuit has held that a court's determination of whether fees requested under Section 406(b) are reasonable should "begin with the agreement, and [that] the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990).

To determine whether a fee is "unreasonable," a district court should consider: (i) "whether the contingency percentage is within the 25% cap"; (ii) "whether there has been fraud or overreaching in making the agreement"; and (iii) "whether the requested amount is so large as to be a windfall to the attorney." *Id.* at 372 (citation omitted); *see also Barbour v. Colvin*, No. 12-CV-548 (ADS), 2014 WL 7180445, at *1 (E.D.N.Y. Dec. 10, 2014). In addition, if fee awards are made to a claimant's attorney under both the EAJA and Section 406(b), the attorney must refund the claimant the amount of the smaller fee. *Barbour*, 2014 WL 7180445, at *2 (citing *Porter v. Comm'r of Soc. Sec.*, No. 06-CV-1150 (GHL), 2009 WL 2045688, at *3 (N.D.N.Y. July 10, 2009)); *see also Wells v. Bowen*, 855 F.2d 37, 48 (2d Cir. 1988) ("Once appropriate fees under 42 U.S.C. § 406(b) are calculated, the district court should order [the attorney] to return the lesser of either that amount or the EAJA award to his clients.").

Here, Bowes's proposed fee of $29,400 is equivalent to approximately 16% of the past due balance that Plaintiff was awarded. Since there are no allegations or indications of fraud or overreaching with respect to the retainer agreement, the only question for the Court is whether a fee of $29,400 for 29.4 hours of work would result in a windfall to Bowes.

Courts in this Circuit have identified several relevant considerations as to whether a requested award of attorney's fees would constitute a windfall: (1) whether the attorney's efforts were particularly successful for the plaintiff; (2) whether the effort expended by the attorneys is demonstrated through non-boilerplate pleadings and arguments that involved both real issues of material fact and required legal research; and (3) whether the case was handled efficiently due to the attorney's experience in handling social security cases. *Rowell v. Astrue*, No. 05-CV-1592 (CBA) (JMA), 2008 WL 2901602, at *1 (E.D.N.Y. July 28, 2008). In addition, "[a]lthough the reviewing court may not use the lodestar method to calculate the fee due, a record of the number of hours spent on the case in federal court may assist a court in determining whether a given fee is reasonable." *Benton v. Comm'r of Soc. Sec.*, No. 03-CV-3154 (ARR), 2007 WL 2027320, at *2 (E.D.N.Y. May 17, 2007).

Bowes's proposed award of $29,400 for 29.4 hours of work would result in an effective hourly rate of $1,000 per hour.[5] Bowes asserts that his non-contingent hourly rate is $450. (Dkt. 22, ¶ 29.) Thus, an award of $29,400 for 29.4 hours of work would greatly exceed Bowes's standard rate. Furthermore, courts in this Circuit have repeatedly found that *de facto* rates above $500 per hour in social security cases are unreasonable. *See Mitchell v. Astrue*, No. 09-CV-83 (NGG) (SMG), 2019 WL 1895060, at *6 (finding a $500 *de facto* hourly rate would provide reasonable compensation for work performed by claimant's attorneys); *see also Brown v. Colvin*, No. 15-CV-4823 (SDA), 2018 WL 6061199, at *4 (S.D.N.Y. Nov. 20, 2018) (reducing proposed fees of $18,675 for 24.9 hours of work, resulting in an effective hourly rate of $750, to $12,450 in

---

[5] Though Bowes's hourly rate lowers to $799.79 when the $5,886.21 EAJA credit is considered, the Court finds that an amount based on this hourly rate would nonetheless constitute a windfall for reasons discussed *infra*. Furthermore, given that Plaintiff was not awarded these fees as a result of Bowes's error, *see Tamburri*, 2018 WL 1175141, at *2, the Court does not find it appropriate to consider this credit in determining what amount of fees to award to Bowes.

total fees, or an effective hourly rate of $500); *Arroyo v. Comm'r of Soc. Sec.*, No. 14-CV-3513 (PKC), 2018 WL 2088013, at *2 (E.D.N.Y. May 4, 2018) (reducing proposed fees of $14,000 for 19.7 hours of work, resulting in an effective hourly rate of $710.66, to $9,850 in total fees or an effective hourly rate of $500); *Benton v. Comm'r of Soc. Sec.*, No. 03-CV-3154 (ARR), 2007 WL 2027320, at *2–3 (E.D.N.Y. May 17, 2007) (reducing proposed fees of $44,694.75 for 33.5 hours of work, resulting in an effective hourly rate of $1,334.17, to $15,000 in total fees or an effective rate of $447.76).[6]

Consequently, the Court finds that Bowes's request for $29,400 for 29.4 hours of work in this case would result in an unreasonable fee for his representation of Plaintiff in this matter. Instead, the Court finds that an award of $14,700 would adequately compensate Bowes for the time that he spent on this case, the risks that he accepted in undertaking the representation of Plaintiff on a contingency basis, and the successful result he obtained for his client. This fee amount, which translates into an hourly rate of $500, provides reasonable compensation for the legal services provided by Bowes. Lastly, the Court's award of $14,700 satisfies the underlying policy goal of ensuring that claimants have qualified counsel representing them in their social security appeals. *See, e.g.*, *Muniz v. Astrue*, No. 09-CV-3954 (ARR), 2011 WL 5563506, at *6

---

[6] Bowes is correct that courts in this Circuit have also approved fee awards in the social security context that exceed a *de facto* $500 hourly rate. *See, e.g.*, *Barbour*, 2014 WL 7180445, at *2 (E.D.N.Y. Dec. 10, 2014) (approving $26,784 award for 44.7 hours of work for an effective hourly rate of $599); *Warren v. Astrue*, No. 06-CV-2933 (CBA), 2011 WL 5402493, at *1 (E.D.N.Y. Nov. 7, 2011) ("[A]lthough $25,000 is a substantial sum for 38 hours of work [*i.e.*, $657 hourly rate], it does not constitute a windfall when balanced against the excellent result counsel obtained and the risk of loss inherent in the retainer's contingency arrangement."). Indeed, other courts in this Circuit have awarded Bowes a fee that constitutes an hourly rate above $500. *See, e.g.*, *Genovese v. Colvin*, No. 13-CV-3338 (FB), 2015 WL 4662505, at *2 (E.D.N.Y. Aug. 6, 2015) (awarding $31,057.50 in attorney's fees to Bowes for 44.6 hours of work for an effective hourly rate of $696.36). However, this Court must exercise its own discretion to determine "whether the requested amount is so large as to be a windfall to the attorney." *Wells*, 907 F.2d at 372.

(E.D.N.Y. Nov. 15, 2011) ("Further, an award of fees of this sum—amounting to an hourly rate of $333.33—satisfies the underlying policy goal of enabling social security claimants to secure quality legal representation."). Furthermore, in light of the $5,886.21 EAJA credit Plaintiff is entitled to, the Court reduces Bowes's award by that amount resulting in a net award of $8,813.79.

## CONCLUSION

For the foregoing reasons, it is hereby ordered that Plaintiff's motion for attorney's fees under 42 U.S.C. § 406(b) is granted in part and denied in part. Bowes is awarded $8,813.79 in attorney's fees. This case remains closed.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: November 18, 2019
      Brooklyn, New York